IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID GARCIA-MORENO,
    Petitioner,                                     Civil Action No. 7:13-cv-00545

v.                                                 MEMORANDUM OPINION

UNITED STATES OF AMERICA,         By:    Hon. Michael F. Urbanski
    Respondent.                                     United States District Judge

      David Garcia-Moreno, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that his conviction and current incarceration for an illegal reentry into the United States after deportation is unlawful. After reviewing Petitioner's submissions, the court concludes that Petitioner fails to demonstrate an entitlement to relief via § 2241 and dismisses the petition without prejudice.[1]

I.

      In April 2005, Petitioner was removed from the United States after unlawfully entering the country and committing an aggravated felony, but he re-entered the United States. On July 18, 2008, the United States District Court for the Northern District of Texas sentenced Petitioner to, inter alia, ninety months' incarceration for an illegal re-entry after removal from the United States, in violation of 8 U.S.C. § 1326. United States v. Garcia-Moreno, No. 3:08-cr-00031-L-1 (N.D. Tx. July 18, 2008). The Court of Appeals for the Fifth Circuit dismissed an appeal as frivolous based on Petitioner's counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967). United States v. Garcia-Moreno, No. 08-10716, slip op. at 1 (5th Cir. Oct. 15, 2009).

---

[1] This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. Rule 1(b) permits the court to apply the Rules for § 2254 Cases to a § 2241 habeas petition, and Rule 4 permits the court to dismiss a habeas petition when it plainly appears that a petitioner is not entitled to relief.

Petitioner did not appeal to the Supreme Court of the United States or file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner filed the instant petition in November 2013 to have this court vacate his conviction entered by the United States District Court for the Northern District of Texas. Petitioner argues that he did not receive a hearing or due process before his removal in April 2005 and, thus, cannot be incarcerated for illegally re-entering the United States after removal.

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his conviction via § 2241 because Petitioner has never filed a motion to vacate pursuant to 28 U.S.C. § 2255. Furthermore, Petitioner fails to explain how a change in substantive law made it lawful to violate immigration laws when re-entering the country after removal.[2] Consequently, Petitioner does not establish how § 2255 is inadequate or ineffective to challenge his conviction, even if more than one year has passed since the

---

[2] Although Petitioner is proceeding pro se, the court does not act as Petitioner's advocate, developing arguments or claims for him sua sponte. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

conviction became final.  See 28 U.S.C. § 2255(f) (describing the applicable limitations period); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (recognizing that a procedural impediment to § 2255 relief, such as the statute of limitations, does not render § 2255 review inadequate or ineffective).  Accordingly, Petitioner's claim cannot be addressed under § 2241, and this petition must be dismissed.[3]

### III.

In conclusion, the court dismisses the § 2241 petition without prejudice because Petitioner fails to demonstrate an entitlement to relief.

                                      Entered:  January 13, 2014

                                      */s/ Michael F. Urbanski*

                                      Michael F. Urbanski
                                      United States District Judge

---

[3] The court declines to construe Petitioner's § 2241 petition as a § 2255 motion because that motion must be filed with the United States District Court for the Northern District of Texas.  28 U.S.C. § 2255(a).